IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JESSIE MCCLUSKIE** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:14-CV-01108-MJR-PMF |
| ) | |
| **SELENE FINANCE LP** ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |
| Serve at: ) | |
| CT Corporation System ) | |
| 120 South Central Avenue ) | **JURY TRIAL DEMANDED** |
| Clayton, Missouri 63105 ) | |

## CLASS ACTION COMPLAINT

COMES NOW, Plaintiff, and for her Class Action Complaint states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. This is an action against Defendant for deceptive, fraudulent, or unfair business practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1, *et seq.*)

### JURISDICTION

3. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d) and that the deceptive fraudulent and unfair business practices alleged herein against Defendant occurred in this judicial district.

### PARTIES

4. Plaintiff is a natural person currently residing in Madison County, Illinois. Plaintiff is a "consumer" within the meaning of the FDCPA and the Illinois Consumer Fraud and Deceptive Business Practices Act. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

5. Defendant is a foreign corporation with its principal place of business located in Houston, Texas. The principal business purpose of Defendant is the collection of debts in Illinois and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

6. In addition to the collection of delinquent debts, Defendant is a mortgage servicing company.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

**FACTS**

8. On or about July 11, 2014, Plaintiff received notice from Bank of America Home Loans that the servicing of her mortgage would transfer to Selene Finance LP on August 2, 2014. Plaintiff's mortgage payment at the time of the transfer was $596.45.

9. The notice sent to Plaintiff by Bank of America explicitly stated that Plaintiff's monthly mortgage payment would not be affected by the transfer.

10. That at the time the mortgage was acquired by Defendant, said mortgage was in default.

11. On or about August 8, 2014, Defendant sent Plaintiff a letter stating, among other things, that "Selene is required by law to analyze your loan. Selene will notify you in writing if your payment amount changes."

12. This statement concerned Plaintiff. Shortly after receiving this letter, Plaintiff accessed her account information with Defendant. Upon accessing her information, Plaintiff was shocked to discover that her mortgage payment was now $627.98.

13. On or about August 19, 2014, Plaintiff received a dunning letter stating that she now owed a late fee of $23.86 on her past due mortgage payment.

14. This notice received by Plaintiff stated Defendant contained the validation notice as required by 15 USC 1692g of the FDCPA.

15. The August 19th letter does not contain the requisite language informing Plaintiff of her rights to request validation and verification pursuant to 15 USC 1692 g(a)3-4.

16. Plaintiff received a document entitled "Mortgage Statement" from Defendant on September 16, 2014. In that document, Defendant was now trying to collect an amount due of $1,207.42

17. That Defendant had no legal authority to change the monthly mortgage payment of Plaintiff.

18. Defendant's conduct has caused anxiety, stress and worry to Plaintiff.

## **CLASS ALLEGATIONS**

19. Upon information and belief, it is Defendant's routine practice to violate the FDCPA by failing to provide validation and verification information in connection with debt collection.

20. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class consists of the following persons:

a. Part one: all residents of Missouri and Illinois who within one year of August 19, 2014 that received correspondence wherein Defendant failed to provide a validation and verification notice pursuant to 15 USC 1692g(a) 3-4.

b. Part two: all residents Illinois who within three years of August 8, 2014 wherein Defendant changed the monthly mortgage payment after the mortgage had been transferred to the Defendant.

21. Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research of complaints from other consumers, Defendant is a high volume debt collector that attempt to collect many thousands of consumer debts throughout Missouri and Illinois.

22. Upon information and belief, Defendant has engaged in the improper collection communications described above with thousands of consumers.

23. Plaintiff is a member of the class she seeks to represent.

24. There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

25. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of the Defendant.  Plaintiff has no interest or relationship with the Defendant that would prevent her from litigating this matter fully.  Plaintiff is aware that settlement of a class action is subject to court approval and she will vigorously pursue the class claims throughout the course of this action.

26. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection and telephone contact by the Defendants.

27. Most, if not all, the facts needed to determine damages are obtainable from the Defendants' records.

28. The purposes of the FDCPA and Illinois Consumer Fraud and Deceptive Practices Act will be best effectuated by a class action.

29. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

30. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

31. Many, if not all, class members are unaware that claims exist against the Defendants. There will be no unusual difficulty in the management of this action as a class action.

32. Four common questions of law and fact predominate over all individual questions in this action. The common questions are whether: (1) Defendants are "debt collectors" pursuant to the FDCPA; (2) the liabilities that Defendants have sought to collect from class members constitute "consumer debt" under the FDCPA; (3) whether Defendant failed to provide validation and verification notices pursuant to the FDCPA; (4) whether Defendant's conduct violated the Illinois Consumer Fraud and Deceptive Practices Act.

33. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

34. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

35. All Class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual Class members is calculable and ascertainable.

### **COUNT I- VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT**

36. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

37. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

    a. Taking legal action that it could not legally take. 15 U.S.C. § 1692e(5);

    b. Engaging in conduct the natural consequence of which was to harass, oppress or abuse Plaintiff. 15 U.S.C. § 1692d.

    c. Using false, deceptive, or misleading representation or means in connection with the debt collection. 15 U.S.C. § 1692e and e(10).

    d. Collection of an amount not authorized by law or by the agreement with Plaintiff's original creditor. 15 USC 1692f.

    e. Failing to provide an initial communication to the consumer. 15 USC 1692 (g).

    f. Failing to comply with 15 USC 1692 g(a) 3-4 in its written communication immediately following Defendant's communication on August 8, 2014.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Release of the alleged debt;

D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

E. For such other relief as the Court may deem just and proper.

## COUNT II-VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

38. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

39. Defendant engaged in illegal and unfair conduct while engaged in commerce or trade with Plaintiff. Specifically, Defendant changed the mortgage payment terms without any legal justification to do so.

40. That Defendant intended the Plaintiff to rely on their deception that they could change the mortgage payment amount owed.

41. As a result of Defendant's unfair practices aimed at Plaintiff, she has sustained damages.

**THE EASON LAW FIRM, LLC**

s/ James W. Eason
_____
**JAMES W. EASON, #6281329
The Eason Law Firm, LLC
124 Gay Avenue, Suite 200
St. Louis, Missouri 63105
Phone: (314) 932-1066
Fax:    (314) 667-3161
Email: james.w.eason@gmail.com**