UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSIE MCCLUSKIE, ) | |
| ) | |
| Plaintiff, ) | Case No.  3:14-CV-01108-MJR-PMF |
| ) | |
| v. ) | |
| ) | Chief Judge Michael J. Reagan |
| SELENE FINANCE, LP, ) | |
| ) | Magistrate Judge Philip M. Frazier |
| Defendant. ) | |
| ) | |

### SELENE'S ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT

Defendant Selene Finance, LP ("Selene"), by its attorneys, for its answer to the Complaint filed by Plaintiff Jessie McCluskie ("Plaintiff"), states as follows:

#### Answers to Nature of Case Allegations

1.     This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**ANSWER**:  Selene admits only that Plaintiff filed a complaint making various allegations under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCP"), and admits the allegation that the FDCPA "prohibits debt collectors from engaging in abusive, deceptive, and unfair practices" only to the extent it is consistent with the FDCPA.  Selene denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged liability to Plaintiff, and otherwise denies the allegations contained in this Paragraph.

2.     This is an action against Defendant for deceptive, fraudulent, or unfair business practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1, *et seq.*)

**ANSWER**:  Selene admits only that Plaintiff filed a complaint making various allegations, but denies that it engaged in any violation of law or other wrongdoing, denies any and all alleged

1

liability to Plaintiff, and otherwise denies the allegations contained in this Paragraph.

### Answers to Jurisdiction and Parties Allegations

3.      This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d) and that the deceptive fraudulent and unfair business practices alleged herein against Defendant occurred in this judicial district.

**ANSWER**: The allegations contained in this Paragraph constitute legal conclusions rather than allegations of fact, and therefore no response is required. Selene does not contest subject matter jurisdiction in this matter, but otherwise denies the allegations contained in this Paragraph.

4.      Plaintiff is a natural person currently residing in Madison County, Illinois. Plaintiff is a "consumer" within the meaning of the FDCPA and the Illinois Consumer Fraud and Deceptive Business Practices Act. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

**ANSWER**: Selene admits only that Plaintiff is a natural person, but otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

5.      Defendant is a foreign corporation with its principal place of business located in Houston, Texas. The principal business purpose of Defendant is the collection of debts in Illinois and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

**ANSWER**: Selene admits only that it maintains an office in Houston, Texas, that it services loans secured by real property located in the State of Illinois and other states, and that as a mortgage servicer it collects payments for and on behalf of the owner of the mortgage loans it services. Selene otherwise denies the allegations contained in this Paragraph.

6.      In addition to the collection of delinquent debts, Defendant is a mortgage servicing company.

**ANSWER**: Selene in unable to discern what is meant by "in addition to the collection of delinquent debts," but attempting to respond, Selene admits only that it services certain mortgage loans for and on behalf of the owner of the mortgage loans. Selene otherwise denies the

allegations contained in this Paragraph.

7.   Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant is a "debt collector" as defined by the FDCPA.  *15 USC 1692a (6).*

**ANSWER**:  Selene admits only that it uses the mail and telephone during the course of its business to communicate with its customers as the servicer of certain mortgage loans, but Selene otherwise denies the allegations contained in this Paragraph.

### Answer to Alleged Facts Material to All Counts

8.   On or about July 11, 2014, Plaintiff received a notice from Bank of America Home Loans that the servicing of her mortgage would transfer to Selene Finance LP on August 2, 2014.  Plaintiff's mortgage payment at the time of the transfer was $596.45.

**ANSWER**:  Selene admits the allegations contained in this Paragraph only to the extent that they are consistent with the alleged July 11, 2014 correspondence, but Selene otherwise denies the allegations contained in this Paragraph.

9.   The notice sent to Plaintiff by Bank of America explicitly stated that Plaintiff's monthly mortgage payment would not be affected by the transfer.

**ANSWER**:  Selene admits only the allegations contained in this Paragraph to the extent that they are consistent with the alleged July 11, 2014 correspondence, but Selene otherwise denies the allegations contained in this Paragraph.

10.   That at the time the mortgage was acquired by Defendant, said mortgage was in default.

**ANSWER**:  Selene is unable to discern what is meant by "at the time the mortgage was acquired," but attempting to respond, Selene denies the allegations contained in this Paragraph.

11.   On or about August 8, 2014, Defendant sent Plaintiff a letter stating, among other things, that "Selene is required by law to analyze your loan.  Selene will notify you in writing if your payment amount changes."

**ANSWER**:  Selene admits the allegations contained in this Paragraph only to the extent that they are consistent with the alleged August 8, 2014 correspondence, but Selene otherwise denies the

3

allegations contained in this Paragraph.

12. This statement concerned Plaintiff. Shortly after receiving this letter, Plaintiff accessed her account information with Defendant. Upon accessing her information, Plaintiff was shocked to discover that her mortgage payment was now $627.98.

**ANSWER**: Selene admits the allegations contained in this Paragraph only to the extent that they are consistent with the alleged August 8, 2014 correspondence. Selene lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph.

13. On or about August 19, 2014, Plaintiff received a dunning letter stating that she now owed a late fee of $23.86 on her past due mortgage payment.

**ANSWER**: Selene admits the allegations contained in this Paragraph only to the extent that they are consistent with the alleged August 19, 2014 correspondence, but Selene otherwise denies the allegations contained in this Paragraph.

14. This notice received by Plaintiff stated Defendant contained the validation notice as required by 15 USC 1692g of the FDCPA.

**ANSWER**: Selene is unable to discern what is mean that "Defendant contained the validation notice as required by 15 USC 1692g of the FDCPA," but attempting to respond, Selene admits the allegations contained in this Paragraph only to the extent that they are consistent with the alleged August 19, 2014 correspondence, but Selene otherwise denies the allegations contained in this Paragraph.

15. The August 19th letter does not contain the requisite language informing Plaintiff of her rights to request validation and verification pursuant to 15 USC 1692g(a)3-4.

**ANSWER**: Selene admits the allegations contained in this Paragraph only to the extent that they are consistent with the alleged August 19, 2014 correspondence, but Selene otherwise denies the allegations contained in this Paragraph.

16. Plaintiff received a document entitled "Mortgage Statement" from Defendant on

September 16, 2014. In that document, Defendant was now trying to collect an amount due of $1,207.42.

**ANSWER**: Selene admits the allegations contained in this Paragraph only to the extent that they are consistent with the alleged September 16, 2014 "Mortgage Statement" document, but Selene otherwise denies the allegations contained in this Paragraph.

17. That Defendant had no legal authority to change the monthly mortgage payment of Plaintiff.

**ANSWER**: Selene denies the allegations contained in this Paragraph.

18. Defendant's conduct has caused anxiety, stress and worry to Plaintiff.

**ANSWER**: Selene is unable to discern what is meant by "Defendant's conduct," but attempting to respond, Selene denies the allegations contained in this Paragraph.

### Answer to Class Allegations

19. Upon information and belief, it is Defendant's routine practice to violate the FDCPA by failing to provide validation and verification information in connection with debt collection.

**ANSWER**: Selene denies the allegations contained in this Paragraph.

20. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class consists of the following persons:

a. Part one: all residents of Missouri and Illinois who within one year of August 19, 2014 that received correspondence wherein Defendant failed to provide a validation and verification notice pursuant to 15 USC 1692g(a)3-4.

b. Part two: all residents Illinois who within three years of August 8, 2014 wherein Defendant changed the monthly mortgage payment after the mortgage had bee transferred to the Defendant.

**ANSWER**: Selene acknowledges only that Plaintiff attempts to bring a putative class action, but Selene denies that class treatment is appropriate here, and otherwise denies the allegations contained in this Paragraph including all related Subparagraphs.

21.     Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research of complaints from other consumers, Defendant is a high volume debt collector that attempts to collect many thousands of consumer debts throughout Missouri and Illinois.

**ANSWER**: Selene denies the allegations contained in this Paragraph.

22.     Upon information and belief, Defendant has engaged in the improper collection communications described above with thousands of consumers.

**ANSWER**: Selene denies the allegations contained in this Paragraph.

23.     Plaintiff is a member of the class she seeks to represent.

**ANSWER**: Selene denies the allegations contained in this Paragraph.

24.     There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

**ANSWER**: Selene denies the allegations contained in this Paragraph.

25.     Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of the Defendant. Plaintiff has no interest or relationship with the Defendant that would prevent her from litigating this matter fully. Plaintiff is aware that settlement of a class action is subject to court approval and she will vigorously pursue the class claims throughout the course of this action.

**ANSWER**: Selene denies the allegations contained in this Paragraph.

26.     A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection and telephone contact by the Defendants.

**ANSWER**: Selene denies the allegations contained in this Paragraph.

27.     Most, if not all, the facts needed to determine damages are obtainable from the Defendants' records.

**ANSWER**: Selene denies the allegations contained in this Paragraph.

28.     The purpose of the FDCPA and Illinois Consumer Fraud and Deceptive Practices Act will be best effectuated by a class action.

**ANSWER**: Selene is unable to discern what is meant by "best effectuated by a class action," but

attempting to respond, Selene denies the allegations contained in this Paragraph.

29. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

**ANSWER**: Selene denies the allegations contained in this paragraph.

30. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

**ANSWER**: Selene denies the allegations contained in this Paragraph.

31. Many, if not all, class members are unaware that claims exist against the Defendants. There will be no unusual difficulty in the management of this action as a class action.

**ANSWER**: Selene denies the allegations contained in this Paragraph.

32. Four common questions of law and fact predominate over all individual questions in this action. The common questions are whether: (1) Defendants are "debt collectors" pursuant to the FDCPA; (2) the liabilities that Defendants have sought to collect from class members constitute "consumer debt" under the FDCPA; (3) whether Defendant failed to provide validation and verification notices pursuant to the FDCPA; (4) whether Defendant's conduct violated the Illinois Consumer Fraud and Deceptive Practices Act.

**ANSWER**: The allegations contained in this Paragraph constitute legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Selene denies the allegations contained in this Paragraph including all related Subparagraphs.

33. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

**ANSWER**: Selene denies the allegations contained in this Paragraph.

34. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

**ANSWER**: Selene denies the allegations contained in this Paragraph.

35. All Class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual Class members is calculate and ascertainable.

**ANSWER**: Selene denies the allegations contained in this Paragraph.

## ANSWER TO COUNT I
### Alleged Violation of Fair Debt Collection Practices Act

36. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

**ANSWER**: Selene restates and incorporates by reference its answers and responses to Paragraphs 1-35 as its answer and response to this Paragraph.

37. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

a. Taking legal action that it could not legally take. 15 U.S.C. § 1692e(5);

b. Engaging in conduct the natural consequence of which was to harass, oppress or abuse Plaintiff. 15 U.S.C. § 1692d.

c. Using false, deceptive, or misleading representation or means in connection with the debt collection. 15 U.S.C. § 1692e and e(10).

d. Collection of an amount not authorized by law or by the agreement with Plaintiff's original creditor. 15 USC 1692f.

e. Failing to provide an initial communication to the consumer. 15 USC 1692 (g).

f. Failing to comply with 15 USC 1692 g(a) 3-4 in its written communication immediately following Defendant's communication on August 8, 2014.

**ANSWER**: Selene denies the allegations contained in this Paragraph, including all related Subparagraphs.

WHEREFORE, Selene denies any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with costs and attorneys fees assessed, and requests that this Court grant such further and additional relief as it deems just and appropriate.

## ANSWER TO COUNT II
### Alleged Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act

8

38. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

**ANSWER**: Selene restates and incorporates by reference its answers and responses to Paragraphs 1-37 as its answer and response to this Paragraph.

39. Defendant engaged in illegal and unfair conduct while engaged in commerce or trade with Plaintiff. Specifically, Defendant changed the mortgage payment terms without any legal justification to do so.

**ANSWER**: Selene denies the allegations contained in this Paragraph.

40. The Defendant intended the Plaintiff to rely on their deception that they could change the mortgage payment amount owed.

**ANSWER**: Selene denies the allegations contained in this Paragraph.

41. As a result of Defendant's unfair practices aimed at Plaintiff, she has sustained damages.

**ANSWER**: Selene denies the allegations contained in this Paragraph.

WHEREFORE, Selene denies any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiff, with costs and attorneys fees assessed, and requests that this Court grant such further and additional relief as it deems just and appropriate.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses, Selene states as follows:

1. Selene was the servicer of a mortgage loan that was extended to Plaintiff and was secured by a mortgage on the real estate commonly known as 2714 Benbow in Alton, Madison County, Illinois 62002 ("Subject Loan").

2. Selene began servicing the Subject Loan effective August 2, 2014.

3. The Subject Loan was current and not in default when Selene began servicing it on August 2, 2014.

4. On or about August 8, 2014, Selene mailed various notices and disclosures to

Plaintiff in connection with the transfer of servicing of the Subject Loan.

5. In its August 8, 2014 notices and disclosures to Plaintiff, Selene stated the following:

> If your loan is currently escrowed for taxes and/or insurance, Selene is required by law to analyze your loan. Selene will notify you in writing if your payment amount changes.

6. Property taxes and hazard insurance were escrowed for the Subject Loan. Accordingly, the total monthly payment due on the Subject Loan included amounts due for principal, interest, taxes and hazard insurance.

7. The total monthly payment due on the Subject Loan did not increase due to any change in the calculation of the amounts due for principal and interest on the Subject Loan.

8. Instead, the total monthly payment due on the Subject Loan increased solely due to Selene's analysis of the amounts due for the escrow portion of the monthly payment. Selene's analysis was expressly required by law.

9. On September 15, 2014, Selene mailed a detailed disclosure and itemization of the escrow account calculations and changes to Plaintiff.

**First Affirmative Defense**

10. Selene restates and incorporates by reference the facts stated in Paragraphs 1-9 of its Affirmative Defenses above.

11. To the extent Plaintiff suffered any alleged damages, the existence of which are expressly denied, the alleged damages are barred and/or limited in whole or in part by Plaintiff's own failure to mitigate the alleged damages, the alleged damages were caused in whole or in part by her own acts or omissions.

12. To the extent Plaintiff suffered any alleged damages, the existence of which are expressly denied, the alleged damages were caused in whole or in part by individuals and/or

entities over whom Selene had no control, right of control or responsibility.

WHEREFORE, Selene requests that judgment be entered in its favor and against Plaintiff, with costs and attorneys fees assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

## Second Affirmative Defense

13. Selene restates and incorporates by reference the facts stated in Paragraphs 1-9 of its Affirmative Defenses above.

14. Because the Subject Loan was current and not in default when Selene started servicing it, Selene is not a "debt collector" under the FDCPA, and the FDCPA does not apply here.

15. In addition, Selene denies that it violated 15 U.S.C. §§1692d, 1692e, 1692f, and/or 1692g, and denies that it violated or is otherwise liable under the FDCPA.

16. Nevertheless, any alleged violation of the FDCPA by Selene would have been unintentional, resulting from a bona fide error made in good faith, and occurring despite Selene's processes and procedures that were reasonably designed and actually implemented to avoid any such alleged error.

17. Selene's error-avoidance processes and procedures here included without limitation:

    a. Strict prohibitions on harassing or abusing borrowers on mortgage loans serviced by Selene; and

    b. Strict prohibitions on attempting to in any way mislead or deceive or provide false information to borrowers on mortgage loans serviced by Selene; and

    c. Strict prohibitions on threatening to take any action that Selene was not

legally authorized to take, and/or that Selene did not intend to take, against borrowers on mortgage loans serviced by Selene; and

   d.  Strict prohibitions on attempting to treat borrowers unfairly; and

   e.  Strict compliance with the notice and validation of debt requirements under the FDCPA.

  18.  Therefore, to the extent that Plaintiff alleges error in Selene's communications regarding the Subject Loan, the communications were not the result of a knowing or intentional act or acts by Selene, and were thus an unknowing and unintentional bona fide error, notwithstanding the maintenance of mandatory processes and procedures reasonably adapted by Selene to avoid any such error.

  19.  Accordingly, even if a violation of the FDCPA had in fact occurred as alleged, which Selene denies, Selene still would not be liable pursuant to 15 U.S.C. § 1692k(c).

  WHEREFORE, Selene requests that judgment be entered in its favor and against Plaintiff, with costs and attorney's fees assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

### Attorney's Fees

  Selene is entitled to recover its attorneys' fees pursuant to 15 U.S.C. § 1692k, and 28 U.S.C. § 1927, as Plaintiff's allegations are without merit, and/or are asserted in bad faith and for the purpose of harassment.

  WHEREFORE, Selene seeks judgment in its favor and against Plaintiff, as well as an award of its attorneys' fees and costs, and such further relief as this Court deems just and proper.

  The above Affirmative Defenses are based on the facts currently known to Selene, and

Selene reserves the right to amend or add affirmative defenses based on facts that may later be discovered, pled, or offered.

## Lead Counsel Designation

Pursuant to SDIL-LR 5.1(a), Ralph T. Wutscher is designated as Lead Counsel for Selene Finance, LP.

Date: November 19, 2014                    Respectfully submitted,

**SELENE FINANCE, LP,**

Ralph T. Wutscher                          Defendant,
Charles J. Ochab
MCGINNIS WUTSCHER BEIRAMEE LLP
The Loop Center Building
105 W. Madison Street, Suite 1800
Chicago, Illinois 60602
Tel. (312) 416-6170           By:    /s/ Charles J. Ochab
Fax (312) 284-4751                   One of Its Attorneys

## Certificate of Service

I, Charles J. Ochab, an attorney, hereby certify that on **November 19, 2014**, service of a true and correct copy of this document and any referenced exhibits was accomplished pursuant to ECF on all parties who are Filing Users.

                                    /s/ Charles J. Ochab